Henderson, Judge.
 

 In this case, it is clear that there is error both in the Judge’s charge to the Jury and in rendering judgment on the record, properly so called.— We will examine the first point only, for should there be a defect in the pleadings, we very plainly perceive, that there is sufficient substance in the declaration to support an action, and the Judge below has it amply in his power to permit amendments to be made to meet the justice of the case, upon such terms as he may think proper,
 
 Farrar
 
 v.
 
 Mston,
 
 decided at the last term,
 
 (ante
 
 69). We shall therefore confine ourselves to that part of the charge, wherein the Judge says, that if the jury should not believe the witnesses who had deposed to the Defendant himself havifig used the slanderous words, yet if they believed that he procured the words to be littered by
 
 Martin,
 
 in his presence, and with the design of having it believed by the byestanders, that the Plaintiff was guilty of the scandalous conduct, which'the words of
 
 Martin
 
 implied, he was as guilty as if he had uttered them himself. I understand the charge as amounting to this, that such evidence would
 
 support a count that the Defendant himself uttered the words.
 
 There is no doubt that the Defendant is responsible for this slander thus uttered by
 
 Martin.
 
 But the charge in the declaration must correspond with the proof, and although a declaration may be framed upon the words spoken by
 
 Martin,
 
 at the instigation of
 
 Greenlee,
 
 yet such proof cannot be received in support of a count charging
 
 Greenlee
 
 with speaking them, without violating the rules requiring precision in pleading,
 
 (Starkie E.
 
 266, 270 — 6
 
 Term HO.)
 

 Pee curiam. — Judgment reversed and new trial awarded.